UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON D. HAM,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | Case No. 1:17-cv-01435-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT**<br><br>**(ECF No. 1)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff declined Magistrate Judge jurisdiction. (ECF Nos. 7; 9.) The complaint is now before the Court for screening.

Plaintiff's complaint (ECF No. 1) was filed as a Section 1983 case. However, the relief Plaintiff seeks sounds in habeas corpus. Accordingly, the Court recommends that Plaintiff's complaint be dismissed with leave to file a habeas action.

**I.  Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law."  See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.  Plaintiff's Allegations

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility in Corcoran, California where his claims arose. (ECF No. 1.) He brings this action against Defendants California Department of Corrections and Rehabilitation ("CDCR"), S. Kernan (CDCR Secretary), Parole Board Hearing, and Superior Courts of California. (Id.)

Plaintiff's allegations in the complaint (ECF No. 1) are summarized as follows:

Pursuant to California Proposition 57, passed by California voters in 2016, Plaintiff

should be afforded the opportunity for parole after having served the sentence for his primary conviction. He sought parole review by filing a Form 22 informal complaint, but the prison declined to refer his case to the Parole Hearing Board. (Id. at 4-5.) He presents three claims here:

(1) "While acting under color of State law each defendant breached their duty by denying California Article I, Sections 32 guaranteed by State constitution and/or Federal." (Id. at 7.)

(2) "The misuse of power possessed by virtue of state law while willful participant in joint activities with state or its agents. . . . Working to illegally detain Plaintiff[] in a prison facility." (Id. at 8.)

(3) "The defendants violated substantial due process benefits Plaintiff[ is] entitled by denying California Constitution Article I, Section 32 A, its effect that mandate term adjustments requiring only primary offense be served excluding enhancements, consecutive sentences and alternative sentences, in violation of U.S. Constitution Amendment Fourteen." (Id. at 9.)

Plaintiff requests the Court order Defendants to stop denying California Constitution Article I, Section 32 (A)(2), which mandates that all prisoners serve only their primary offense excluding consecutive, alternative and enhancements. (Id. at 10.)

**V.    Discussion**

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff's three claims for relief are not cognizable in a civil rights complaint. The exclusive statutory framework for challenging either the validity or the execution of a state court judgment is provided by 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1009–1010 (9th Cir. 2004) (adopting "the majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state

| 1 | court judgment, even when the petitioner is not challenging his underlying state court
| 2 | conviction), <u>overruled</u> on other grounds by <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir.
| 3 | 2010). Plaintiff's claims seek to challenge the execution of his sentence from the state
| 4 | court and clearly sound in habeas corpus. (ECF No. 1 at 7-10.)
| 5 | Accordingly, this matter must be dismissed.

## VI. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice to refiling it as a habeas corpus petition in the appropriate district and on the appropriate court-approved form; and

2. This case be closed by the Clerk of Court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 16, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE